Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
  *lynn.carpenter@manningkass.com*
Nichole Santiago (State Bar No. 291632)
  *nichole.santiago@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, THE CITY OF
FRESNO, FRESNO OFFICER
MARISSA CISNEROS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JASON LAWRENCE SHEPARD, | Case No. 1:25-at-567 |
| Plaintiff. | (State Case No. 24CECG04948) |
| v. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441; DECLARATION OF NICHOLE SANTIAGO** |
| THE CITY OF FRESNO, FRESNO POLICE OFFICER MARISSA CISNEROS, and DOES 1 through 10, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, The City of Fresno and Fresno Police Officer Marissa Cisneros ("defendants") hereby remove to this Court the state court action described below.

1. On November 12, 2024, an action was commenced in the Superior Court

1
**NOTICE OF REMOVAL**

of the State of California, County of Fresno, entitled *Jason Lawrence Shepard v. City of Fresno, Fresno Police Officer Marissa Cisneros and Does 1 through 10, inclusive*, as Case No. 24CECG04948 (herein "the Action"). Plaintiff served defendants the Complaint, Notice of Case Management Conference and Assignment of Judge, Summons, Proof of Service, Civil Cover Sheet, and Alternative Dispute Resolution Information Packet on January 23, 2025, by personal service. A true and correct copy of plaintiff's Summons and Complaint served on defendants is attached hereto as **Exhibit "A."**

2. On February 24, 2025, defendants filed a Demurrer to plaintiff's Complaint. A true and correct copy of defendant's Demurrer to plaintiff's Complaint is attached hereto as **Exhibit "B."**

3. On March 27, 2025, the Superior Court issued a minute order adopting its tentative ruling sustaining defendant's demurrer with leave to amend. A true and correct copy of order is attached hereto as **Exhibit "C."**

4. On June 6, 2025, plaintiff filed a First Amended Complaint ("FAC") via e-mail. A true and correct copy of order is attached hereto as **Exhibit "D."**

5. Defendants filed an Answer to plaintiff's FAC. A true and correct copy of defendants' Answer to plaintiff's FAC is attached hereto as **Exhibit "E."**

6. As the appended record demonstrates, the action pending in the state court is a civil action within the original federal question jurisdiction of the federal district courts under 28 U.S.C. §§ 1331 and 1343, in that it arises under the U.S. Constitution, and laws of the United States, specifically 42 U.S.C. § 1983 of the Federal Civil Rights Act and . (*See* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1331; *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).) Specifically, plaintiff's FAC asserts a cause of action arising under federal law: First Cause of Action, Civil Rights Violations, brought under the 1871 Civil Rights Act and U.S. Constitution. (*See* FAC, p. 4.)

7. Because the state court action is one within the federal question

2

**NOTICE OF REMOVAL**

jurisdiction of the federal district courts, the action is removable to federal court without regard to the citizenship of the parties under 28 U.S.C. § 1441(a).

8.    Removal to this District Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of the State of California for the County of Fresno, where the state court action is pending, is geographically located within this District Court's jurisdiction.

9.    Removal is timely under 28 U.S.C. § 1446(b)(2)(B) because this Notice of Removal has been filed within 30 days of the service of the FAC stating a claim within federal jurisdiction.

10.    All named defendants are represented by the same counsel and consent to the removal. 28 U.S.C. § 1446(b)(2)(A).

11.    Accordingly, defendants respectfully request the above-entitled action, now pending in the Superior Court of the State of California, in and for the County of Fresno, be removed to this federal court.

DATED:  July 7, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:      /s/ *Nichole Santiago*
　　　Mildred O'Linn
　　　Lynn Carpenter
　　　Nichole Santiago
　　　Attorneys for Defendant, THE CITY OF FRESNO, FRESNO POLICE OFFICER MARISSA CISNEROS



3
**NOTICE OF REMOVAL**

## DECLARATION OF NICHOLE SANTIAGO

I, Nichole Santiago, state and declare as follows:

1. I am an attorney at law duly authorized to practice before all the courts of the State of California and in the United States District Court for the Eastern District of California. I am a partner in the law firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP, attorneys of record herein for defendants City of Fresno, and Fresno Officer Marissa Cisneros.

2. If called and sworn as a witness to testify, I am competent to testify and would testify from my own personal knowledge as to the facts set forth in this declaration, except as to those matters that are stated on information and belief. Where matters are stated on information and belief, such information and belief is based on my review of my law firm's files for this matter, including related incident reports, and/or correspondence, and/or comparable communication records.

3. On November 12, 2024, an action was commenced in the Superior Court of the State of California, County of Fresno, entitled *Jason Lawrence Shepard v. City of Fresno, Fresno Police Officer Marissa Cisneros and Does 1 through 10, inclusive*, as Case No. 24CECG04948 (herein "the Action"). A true and correct copy of plaintiff's Summons and Complaint served on defendants is attached hereto as **Exhibit "A."**

4. On February 24, 2025, defendants filed a Demurrer to plaintiff's Complaint. A true and correct copy of defendant's Demurrer to plaintiff's Complaint is attached hereto as **Exhibit "B."**

5. On March 27, 2025, the Superior Court issued a minute order adopting its tentative ruling sustaining defendant's demurrer with leave to amend. A true and correct copy of order is attached hereto as **Exhibit "C."**

6. On June 6, 2025, plaintiff filed a First Amended Complaint ("FAC"). A true and correct copy of order is attached hereto as **Exhibit "D."**

4

**NOTICE OF REMOVAL**

7. Defendants filed an Answer to plaintiff's FAC. A true and correct copy of defendants' Answer to plaintiff's FAC is attached hereto as **Exhibit "E."**

8. This action is a civil action to which this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question), and it one which may be removed to this Court by defendants, pursuant to the provisions of 28 U.S.C. § 1441(, in that it arises under 42 U.S.C. § 1983.

9. All defendants are represented by the same counsel and consent to removal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 7, 2025, in San Francisco, California.

/s/ *Nichole Santiago*
Nichole Santiago, Declarant

**NOTICE OF REMOVAL**

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED

2025 JAN 23  A 10: 58

CITY CLERK'S OFFICE

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| E-FILED |
| 11/18/2024 |
| Superior Court of California |
| County of Fresno |
| By: A. Hoffman, Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FRESNO POLICE OFFICER MARISSA CISNEROS; CITY OF FRESNO; AND DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON LAWRENCE SHEPARD

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* Superior Court of California, Fresno | *(Número del Caso):* |
| 1130 "O" Street Fresno, CA 93721 | 24CECG04948 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin G. Little; THE LAW OFFICE OF KEVIN G. LITTLE; PO BOX 8656, Fresno, CA 93747; Tel: (559) 342-5800

| DATE: | Clerk, by | | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* 11/18/2024 | *(Secretario)* | A. Hoffman | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY          STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: Kevin G. Little<br>FIRM NAME: THE LAW OFFICE OF KEVIN G. LITTLE<br>STREET ADDRESS: 1225 E. Divisadero St.<br>CITY: Fresno                      STATE: CA    ZIP CODE: 93747<br>TELEPHONE NO.: (559) 342-5800      FAX NO.: (559) 242-2400<br>EMAIL ADDRESS: kevin@kevinglittle.com<br>ATTORNEY FOR (name): Plaintiff Jason Lawrence Shepard | E-FILED<br>11/12/2024 10:06 AM<br>Superior Court of California<br>County of Fresno<br>By: A. Hoffman, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO |
|---|
| STREET ADDRESS: 1130 "O" Street |
| MAILING ADDRESS: 1130 "O" Street |
| CITY AND ZIP CODE: Fresno, CA 93721 |
| BRANCH NAME: B.F. Sisk Courthouse - Civil Unlimited |

| PLAINTIFF: Jason Lawrence Shepard |
|---|
| DEFENDANT: Fresno Police Officer Marissa Cisneros; City of Fresno |
| [x] DOES 1 TO 10 |

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number): | CASE NUMBER:<br>24CECG04948 |
|---|---|

Type (check all that apply):
[ ] MOTOR VEHICLE    [ ] OTHER (specify):
   [ ] Property Damage  [ ] Wrongful Death
   [x] Personal Injury  [ ] Other Damages (specify):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)
  Amount demanded [ ] does not exceed $10,000
                [ ] exceeds $10,000
[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. Plaintiff (name or names): Jason Lawrence Shepard
   alleges causes of action against defendant (name or names):
   Fresno Police Officer Marissa Cisneros; City of Fresno

2. This pleading, including attachments and exhibits, consists of the following number of pages: 9

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name): City of Fresno
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Code of Civil Procedure, § 425.12<br>www.courts.ca.gov |
|---|---|---|

PLD-PI-001

| SHORT TITLE: Shepard v. The City of Fresno, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant *(name):* The City of Fresno
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☒ a public entity *(describe):* a municipality

    (5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

b. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants *(specify Doe numbers):* 1-5         were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants *(specify Doe numbers):*   6-10        are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

a. ☒ at least one defendant now resides in its jurisdictional area.

b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.

d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, **and**

a. ☒ has complied with applicable claims statutes, **or**

b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: Shepard v. The City of Fresno, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   a.  ☐  Motor Vehicle

   b.  ☐  General Negligence

   c.  ☒  Intentional Tort   False Arrest

   d.  ☐  Products Liability

   e.  ☐  Premises Liability

   f.  ☒  Other *(specify):*  Bane Act

11. Plaintiff has suffered *(check all that apply)*

   a.  ☒  wage loss.

   b.  ☐  loss of use of property.

   c.  ☐  hospital and medical expenses.

   d.  ☒  general damage.

   e.  ☐  property damage.

   f.  ☐  loss of earning capacity.

   g.  ☒  other damage *(specify):*

       Mental and Emotional Distress ; legal fees and expenses

12. ☐  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

   a.  ☐  listed in Attachment 12.

   b.  ☐  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a.  (1) ☒  compensatory damages.

       (2) ☒  punitive damages.

   b.  The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

       (1) ☒  according to proof.

       (2) ☐  in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 10/04/2024

Kevin G. Little
_____
(TYPE OR PRINT NAME)

▶    *[signature]*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]     **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**     Page 3 of 3

| SHORT TITLE<br>Shepard v. The City of Fresno, et al. | CASE NUMBER: |
|---|---|

Attachment Number _1_

FIRST _____ CAUSE OF ACTION FOR CIVIL CODE § 52.1

This cause of action incorporates:  The foregoing well-pleaded allegations, ¶ 1-15.

The defendants named in this cause of action are:  Fresno Police Officer Marissa Cisernos; The City of Fresno; and Does 1 to 10

The factual basis and elements as to each defendant are as follows:

Beginning in July 2021, Jason Lawrence Shepard was falsely accused of domestic violence by his then partner, Aime Veronica Pedraza, and their daughter, Celia Frances Pedraza Shepard. There was absolutely no evidence to support these allegations and there were obvious inconsistencies in their statements to law enforcement. Simply stated, there was no probable cause to support an arrest, or the recommendation for criminal charges. Moreover, exculpatory information provided by Mr. Shepard was disregarded and went unreported.

Mr. Shepard was arrested and charged with criminal offenses. By August 2023, the charges against Jason were dismissed, due to insufficient evidence. The case underscored the failure to respect Jason's rights and the importance of conducting fair and thorough investigations in domestic violence situations.

Mr. Shepard had his constitutional rights to be arrested and prosecuted only based on probable cause denied. These constitutional violations are actionable under the California Constitution and also the Bane Act.  Mr. Shepard is also entitled to an award of attorney's fees and legal expenses.

The City of Fresno employed the investigating officers who recommended the filing of criminal charges, including defendant Marissa Cisneros, and it is therefore vicariously liable under government Code § 815.2.

The relief sought in this cause of action is as follows:

Based on the foregoing, the plaintiff seeks compensation in an amount to be determined at trial and also seek any other relief in law or equity to which they may be entitled.

Page 4

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Shepard v. The City of Fresno, et al. | |

Attachment Number 2²

SECOND _____ CAUSE OF ACTION FOR __FALSE ARREST__

This cause of action incorporates:   The foregoing well-pleaded allegations, ¶ 1-15.

The defendants named in this cause of action are:  Fresno Police Officer Marissa Cisernos; The City of Fresno; and Does 1 to 10

The factual basis and elements as to each defendant are as follows:

Beginning in July 2021, Jason Lawrence Shepard was falsely accused of domestic violence by his then partner, Aime Veronica Pedraza, and their daughter, Celia Frances Pedraza Shepard. There was absolutely no evidence to support these allegations and there were obvious inconsistencies in their statements to law enforcement.  Simply stated, there was no probable cause to support an arrest, or the recommendation for criminal charges.  Moreover, exculpatory information provided by Mr. Shepard was disregarded and went unreported.

Mr. Shepard was arrested and charged with criminal offenses. By August 2023, the charges against Jason were dismissed, due to insufficient evidence. The case underscored the failure to respect Jason's rights and the importance of conducting fair and thorough investigations in domestic violence situations.

Mr. Shepard had his constitutional rights to be arrested and prosecuted only based on probable cause denied.  These constitutional violations are actionable under the California Constitution and also California common law prohibiting false arrests.

The City of Fresno employed the investigating officers who recommended the filing of criminal charges, including defendant Marissa Cisneros, and it is therefore vicariously liable under government Code § 815.2.

The relief sought in this cause of action is as follows:

Based on the foregoing, the plaintiff seeks compensation in an amount to be determined at trial and also seek any other relief in law or equity to which they may be entitled.

Page 5

PLD-PI-001(6)

| SHORT TITLE:<br>Jason Lawrence Shepard | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page  6

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name):*
   Fresno Police Officer Marissa Cisernos; Does 1 to 10

Plaintiff alleges defendant was guilty of

☑ malice

☐ fraud

☑ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Beginning in July 2021, Jason Lawrence Shepard was falsely accused of domestic violence by his then partner, Aime Veronica Pedraza, and their daughter, Celia Frances Pedraza Shepard. There was absolutely no evidence to support these allegations and there were obvious inconsistencies in their statements to law enforcement.  Simply stated, there was no probable cause to support an arrest, or the recommendation for criminal charges.  Moreover, exculpatory information provided by Mr. Shepard was disregarded and went unreported.

Mr. Shepard was arrested and charged with criminal offenses. By August 2023, the charges against Jason were dismissed, due to insufficient evidence. The case underscored the failure to respect Jason's rights and the importance of conducting fair and thorough investigations in domestic violence situations.

The investigating officers who arrested Mr. Shepard without probable cause and recommended the filing of baseless criminal charges, include defendant Marissa Cisneros.

EX-3. The amount of exemplary damages sought is

   a. ☒ not shown, pursuant to Code of Civil Procedure section 425.10.

   b. ☐ $

Page 1 of 1

**Exemplary Damages Attachment**

# EXHIBIT B

**[Exempt From Filing Fee**
**Government Code § 6103]**

Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkasss.com*
Lynn Carpenter (State Bar No. 310011)
*lynn.carpenter@manningkass.com*
Nichole Santiago (State Bar No. 291632)
  *nichole.santiago@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900

Attorneys for Defendants
CITY OF FRESNO and MARISSA CISNEROS

E-FILED
2/24/2025 4:24 PM
Superior Court of California
County of Fresno
By: Estela Gonzalez, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF FRESNO**

| | |
|---|---|
| JASON LAWRENCE SHEPARD,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF FRESNO; MARISSA CISNEROS and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 24CECG04948<br><br>Assigned for all purposes to Hon. D. Tyler Tharpe, Dept. 501<br><br>**NOTICE OF DEMURRER AND DEMURRER; REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION AND EXHIBIT IN SUPPORT THEREOF**<br><br>**Hearing Date:    March 27, 2025**<br>**Time:              3:30 p.m.**<br>**Dept:              501**<br><br>Action Filed:  January 24, 2024<br>Trial Date:  None set |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT on  March 27, 2025, at 3:30 p.m.** or as soon thereafter as counsel may be heard, in Department 501 of the above-captioned Court, located at the B.F. Sisk Courthouse, 1130 O Street, Fresno, California, 93721, Defendants City of Fresno and Marissa Cisneros will and hereby do demur Plaintiff's Complaint pursuant to Code of Civil Procedure section 430.10, et seq.

4937-3214-0829.1

1

**DEMURRER TO COMPLAINT**

This demurrer is based upon this Notice and Demurrer, the accompanying Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Demurrer is made pursuant to Code of Civil Procedure sections 430.10, on the ground that plaintiff's causes of action fail to state facts sufficient to constitute causes of action against defendants.

DATED:  February 24, 2025

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: _____

Nichole Santiago
Attorneys for Defendants
CITY OF FRESNO and MARISSA CISNEROS

4937-3214-0829.1

2

**DEMURRER TO COMPLAINT**

**DEMURRER**

Pursuant to Code of Civil Procedure section 430.10, defendants will and hereby do demur to plaintiff's Complaint on the following grounds:

**DEMURRER TO FIRST CAUSE OF ACTION**

Defendants generally demurs to the First Cause of Action on the basis that it fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc. § 430.10(e).)

**DEMURRER TO SECOND CAUSE OF ACTION**

Defendants generally demurs to the Second Cause of Action on the basis that it fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc. § 430.10(e).)

WHEREFORE, Defendants pray that:

1.     The Demurrer be sustained without leave to amend;

2.     The Court grant such other and further relief as it may deem proper.

DATED:  February 24, 2025

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: _____

Nichole Santiago
Attorneys for Defendants
CITY OF FRESNO and MARISSA CISNEROS

4937-3214-0829.1

3

**DEMURRER TO COMPLAINT**

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Evidence Code section 452, defendants request the Court to take judicial notice of the plaintiff's Government Tort Claim and the City of Fresno's Rejection of plaintiff's Government Tort Claim which are attached hereto as Exhibit A and authenticated by the attached declaration of Nichole Santiago. (Evid. Code § 452(c); *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, fn. 6; *Gong v. City of Rosemead*, (2014) 226 Cal.App.4th 363, fn. 1.)

DATED:  February 24, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:
Nichole Santiago
Attorneys for Defendants
CITY OF FRESNO and MARISSA CISNEROS

4937-3214-0829.1

4

**DEMURRER TO COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff, Jason Shepard sues the City of Fresno and Fresno police officer Marissa Cisneros for false arrest. Shepard asserts that he was falsely accused of domestic violence resulting in his arrest without probable cause. Plaintiff asserts two causes of action: 1) Violation of Civil Code section 52.1 (the "Bane Act"); and 2) Common Law false arrest. The Bane Act authorizes a civil action against any person who interferes with the plaintiff's constitutional rights "by threat, intimidation, or coercion." Defendants bring this demurrer because: 1)  Plaintiff did not file his complaint within the six month deadline established by the Government Tort Claims Act; 2) Plaintiff's first cause of action under the Bane Act fails because he does not allege any "threat, intimidation or coercion"; and 3) Plaintiff's second cause of action for false arrest is barred by the statute of limitations.

### II.    STATEMENT OF FACTS

Plaintiff alleges the following in his complaint. Plaintiff was falsely accused of domestic violence by his then partner and his daughter. There was no evidence to support the accusation and there were inconsistencies in his partner and daughter's statements to Fresno police officers. Plaintiff was arrested and charged. The investigating officer was defendant Fresno police officer Marissa Cisneros. The charges were dropped in August 2023 due to insufficient evidence. (*See* Attachment 1 and 2 to the Complaint).

### III.    LEGAL STANDARD FOR DEMURRER

A demurrer "may be taken to the whole complaint or to any of the causes of action stated therein." (Code Civ. Proc. § 430.50(a).) A general demurrer points out substantive pleading defects, such as failure to state a cause of action or affirmative defenses such as statute of limitations or waiver. (Code Civ. Proc. § 430.10(e); *Ojavan Investors, Inc. v. California Coastal Com*. (1997) 54 Cal.App.4th 373, 384, fn. 8.)

A demurrer is properly based on the complaint itself, as well as upon matters of which the court is required to or may take judicial notice. (Code Civ. Proc. §430.30(a).) The court assessing

4937-3214-0829.1

5

**DEMURRER TO COMPLAINT**

the demurrer accepts as true the facts pleaded in the complaint, but rejects contentions, deductions and conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *George v. Automobile Club of Southern Cal.* (2011) 201 Cal.App.4th 1112, 1120 (while a demurrer "admits all facts properly pleaded, [it does] not [admit] contentions, deductions or conclusions of law or fact.").)

In the event the allegations of the complaint are contradicted by a judicially noticeable fact, the court is not required to accept the plaintiff's allegation as true. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468.) If records subject to judicial notice disclose an absolute defense to the action or deficiency in the complaint, the matter can be adjudicated on demurrer. (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 192.)

The court may sustain the demurrer with or without leave to amend, but if the pleader cannot state a cause of action, the demurrer should be sustained without leave to amend. (*Blank*, *supra*, 39 Cal.3d at 318.) The burden of establishing the ability to amend to set forth sufficient facts to constitute a cause of action rests squarely on the plaintiff. (*Id*.; *Award Metals, Inc. v. Superior Court* (1991) 228 Cal.App.3d 1128, 1135.)

## IV. PLAINTIFF'S LAWSUIT IS NOT TIMELY UNDER THE GOVERNMENT TORT CLAIMS ACTS

Under the Government Claims Act (Govt. Code §§ 810-996.6) a lawsuit for damages may not be maintained against a public entity or a public employee unless a written claim has first been timely presented to the public entity and rejected. (Govt. Code §§ 905, 945.4, 950.2; *Rogers v. Centrone* (1968) 261 Cal.App.2d 361.) Plaintiff's complaint alleges that he complied with the Act (Complaint ¶ 9). However, this Court can take judicial notice of plaintiff's claim and the City's rejection that conclusively establish that plaintiff did not comply with the Act because he filed his complaint after the statutory deadline to file suit.

Under the Act, a plaintiff must file their lawsuit within six months after a written notice of rejection of their government tort claim is personally delivered or deposited in the mail or it is time barred. (Govt. Code § 945.6(a)(1).) Plaintiff filed his claim on February 20, 2024, and the City of Fresno notified Plaintiff that his claim was rejected on May 6, 2024. Attached hereto as Exhibit A is the notice of rejection. This Court can take judicial notice of the rejection. (Evid. Code, § 452(c);

4937-3214-0829.1

6

DEMURRER TO COMPLAINT

*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, fn. 6; *Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, fn. 1.) Plaintiff had six months after this rejection, or November 6, 2024, to file his lawsuit. Plaintiff's complaint was filed November 12, 2024, and therefore, his complaint is time barred.

During the meet and confer process under Section 430.41 of the Code of Civil Procedure prior to filing this demurrer, plaintiff asserted that the complaint was submitted for filing on November 6, 2024, and should have been filed on that date. It is unclear why plaintiff believes the complaint should have been filed on November 6. In any event, the proper procedure requires plaintiff to file a motion with the Court to have the date of filing of his complaint changed *nunc pro tunc*. (See *Duran v. St. Luke's Hospital* (2003) 114 Cal.App.4th 457 (Holding that it was improper to change the filing date of a complaint that was submitted before the running of the statute of limitations, but the filing fee was $3 short).) Unless plaintiff successfully moves this Court to change the filing date of the Complaint *nunc pro tunc*, this demurrer should be granted without leave to amend.

## V.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR FALSE ARREST IS BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations for false arrest is one year and begins to run when the plaintiff is discharged from jail. (Code of Civ. Proc. § 340; *Milliken v. City of South Pasadena* (1979) 96 Cal.App.3d 834, 840.) Plaintiff does not allege when he was discharged from jail, but he does allege that the charges were dropped in August 2023. Therefore, plaintiff's discharge from jail must have occurred in August 2023 at the latest. Since plaintiff filed his Complaint in November 2024, the statute of limitations has run on this cause of action. Therefore, plaintiff's second cause of action for false arrest should be dismissed with prejudice.

## VI.    PLAINTIFF'S FIRST CAUSE OF ACTION UNDER THE BAIN ACT FAILS BECAUSE HE DOES NOT ALLEGE ANY THREATS, INTIMIDATION OR COERCION

The Bane Act (Civ. Code § 52.1) authorizes a civil action against any person who interferes with the plaintiff's constitutional rights "by threat, intimidation, or coercion." There are two distinct

elements for a cause of action under the Bane Act:

1) "intentional interference or attempted interference with a state or federal constitutional or civil right"; and

2) "the interference or attempted interference was by threats, intimidation or coercion."

(*Allen v. City of Sacramento* (2018) 234 Cal.App.4th 41, 67.) Here, plaintiff alleges the interference – his alleged false arrest – but plaintiff does not allege that the arrest was effectuated by "threats, intimidation or coercion." Therefore, this cause of action fails.

*Allen*, *supra* is instructive on this point. In *Allen*, homeless individuals sued the Sacramento City police. The plaintiffs had been camping on a private lot with permission of the owner, but police informed the plaintiffs that they were violating a city ordinance by camping without a City permit. After issuing two citations, police eventually arrested the plaintiffs. The plaintiffs claimed that police violated the Bane Act because "an arrest is inherently coercive." (*Id.* at 66.) The Court of Appeals rejected this argument holding that "a wrongful arrest or detention, without more, does not satisfy both elements of section 52.1" (*Id.* at 69.) Since plaintiff does not allege that his arrest was the result of any "threats, intimidation or coercion" this cause of action fails.

## VII.    CONCLUSION

For the reasons set forth above, this demurrer should be granted without leave to amend.

DATED:  February 24, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____
Nichole Santiago
Attorneys for Defendants
CITY OF FRESNO and MARISSA CISNEROS

4937-3214-0829.1

8

**DEMURRER TO COMPLAINT**

**DECLARATION OF NICHOLE SANTIAGO**

1.     I, Nichole Santiago, am an attorney duly admitted to practice before this Court. I am a partner with the law firm MANNING & KASS, attorneys of record for defendants. If called as a witness, I could and would competently testify to all facts within this Declaration which are from my own personal knowledge.

**COMPLIANCE WITH CIVIL CODE OF PROCEDURE SECTION 430.41.**

2.     To meet and confer as required by Section 430.41, I sent plaintiff's counsel a meet and confer letter on February 12, 2025. We subsequently exchanged email correspondence, and then spoke on the telephone on February 21, 2025. We were unable to resolve the matter.

**REQUEST FOR JUDICIAL NOTICE**

3.     Attached hereto as Exhibit A is a copy of plaintiff's government claim and the letter from the City of Fresno rejecting the claim.

I declare under the penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on February 24, 2025, at San Francisco, California.



Nichole Santiago

**DEMURRER TO COMPLAINT**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On February 24, 2025, I served true copies of the following document(s) described as **NOTICE OF DEMURRER AND DEMURRER; REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION AND EXHIBIT IN SUPPORT THEREOF** on the interested parties in this action as follows:

Kevin G. Little, Esq.
LAW OFFICES OF KEVIN G. LITTLE
1225 E. Divisadero St.
Fresno, CA 93747
Tel.: (559) 342-5800
Fax: (559) 242-2400
Email: kevin@kevinglittle.com

Attorney for Plaintiff, Jason Lawrence Shepard

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address delia.flores@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 24, 2025, at Los Angeles, California.

_____
Delia Flores

**DEMURRER TO COMPLAINT**

# EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|

| TITLE OF CASE:<br>Jason Shepard vs. Marissa Cisneros | |
|---|---|

| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CECG04948 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

**[Minute Order and Tentative Ruling]**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in
the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:  03/28/2025                                  Clerk, by _____ , Deputy

J. Xiong

| Kevin G. Little<br>The Law Office of Kevin G. Little<br>P.O. Box 8656<br>Fresno, CA 93747 | Mildred K. O'Linn<br>Manning & Kass Ellrod, Ramirez, Trester LLP<br>801 S. Figueroa St., 15th Floor<br>Los Angeles, CA 90017 |
|---|---|

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                              **CLERK'S CERTIFICATE OF MAILING**

**SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO**
Civil Department - Non-Limited

| TITLE OF CASE: | |
|---|---|
| Jason Shepard vs. Marissa Cisneros | |
| **LAW AND MOTION MINUTE ORDER** | Case Number:  **24CECG04948** |

| | | | |
|---|---|---|---|
| Hearing Date: | **March 27, 2025** | Hearing Type: | **Demurrer** |
| Department: | **503** | Judge: | **Jon M Skiles** |
| Court Clerk: | **J. Xiong** | Reporter: | **Not Reported** |

**Appearing Parties:**

Plaintiff: **Not Present**               Defendant: **Not Present**

Counsel:                                 Counsel:

[ ] Off Calendar

[ ] Continued to  [ ] Set for __ at __ Dept. __ for __

[ ] Submitted on points and authorities with/without argument.    [ ] Matter is argued and submitted.

[ ] Upon filing of points and authorities.

[ ] Motion is granted    [ ] in part and denied in part.    [ ] Motion is denied  [ ] with/without prejudice.

[ ] Taken under advisement

[X] No party requested oral argument pursuant to Local Rule 2.2.5 and CRC 3.1308(a)(1).

[X] Tentative ruling becomes the order of the court.  No further order is necessary.

[X] Pursuant to CRC 3.1312(a) and CCP section 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.

[X] Service by the clerk will constitute notice of the order.

[X] See attached copy of the Tentative Ruling.

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages    [ ] Default    [ ] Other __ entered in the amount of:
    Principal $__    Interest $__    Costs $__    Attorney fees $__    Total $__
[ ] Claim of exemption [ ] granted [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be   [ ] released to judgment creditor. [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.   [ ] Writ to issue
[ ] Notice to be filed within 15 days.   [ ] Restitution of Premises
[ ] Other: __

CV-14b R03-18                    **LAW AND MOTION MINUTE ORDER**

(41)

## Tentative Ruling

Re:                         ***Jason Shepard v. Marissa Cisneros***
                            Superior Court Case No. 24CECG04948

Hearing Date:               March 27, 2025 (Dept. 503)

Motion:                     Demurrer by Defendants to Complaint

**Plaintiff's counsel, Kevin G. Little, is ordered to appear in person at the hearing and to bring full copies of each cited case. All quoted material cited by Plaintiff must be highlighted.**

**Tentative Ruling:**

To sustain the demurrer with leave to amend. Plaintiff is granted leave of 10 days to file a first amended complaint, which shall run from service by the clerk of the minute order. New language must be set in **boldface** type.

### Explanation:

The plaintiff, Jason Shepard (Plaintiff), alleges he was falsely accused of domestic violence resulting in his arrest without probable cause. Plaintiff filed a form complaint with two causes of action against the City of Fresno and Fresno police officer Marissa Cisneros (together Defendants). The first cause of action is for violation of Civil Code section 52.1 (the Bane Act); and the second cause of action is for false arrest.

Defendants initially demurred to both causes of action based on the statute of limitations. Defendants also demurred to the first cause of action based on Plaintiff's failure to allege sufficiently any "threat, intimidation or coercion," as required to plead a cause of action under the Bane Act. Plaintiff opposed the demurrer and Defendants filed a reply. In the reply, Defendants withdrew their demurrer based on the statute of limitations, noting the tolling provisions of Code of Civil Procedure section 1010.6, subd. (e)(4)(E). Defendants' demurrer now is limited to the first cause of action under the Bane Act.

### Meet and Confer

Counsel for Defendants filed and served a declaration stating counsel met and conferred with Plaintiff's' counsel by mail, email, and telephone, but the parties were unable to resolve their differences. This satisfies the requirements of Code of Civil Procedure section 430.41 to meet and confer before filing a demurrer.

### Demurrer to First Cause of Action

The Bane Act authorizes a civil action against any person who interferes with an individual's constitutional rights "by threat, intimidation, or coercion[.]" (Civ. Code, § 52.1, subd. (b).) A plaintiff must allege two distinct elements to state a cause of action under

12

the Bane Act: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 67 (*Allen*).)

> The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., threats, intimidation or coercion), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law.

(*Simmons v. Superior Court* (2016) 7 Cal.App.5th 1113, 1125, citation and internal quotation marks omitted.)

Defendants concede Plaintiff's false arrest allegation satisfies the interference element; but contend plaintiff fails to allege the arrest was effectuated by threats, intimidation or coercion. Therefore, Plaintiff fails to make the necessary allegations to state a cause of action under the Bane Act.

In *Allen*, homeless individuals sued the Sacramento police for an allegedly unlawful arrest. The plaintiffs alleged no coercion beyond the coercion inherent in any arrest. The appellate court concluded "a wrongful arrest or detention, without more, does not satisfy both elements of section 52.1. [Citation.]" (*Allen, supra*, 234 Cal.App.4th at p. 69.) "The conclusory allegations of 'forcible' and 'coercive' interference with plaintiffs' constitutional rights are inadequate to state a cause of action for a violation of section 52.1." (*Ibid.*)

Plaintiff makes two attempts to distinguish *Allen*. In response to Plaintiff's first attempt to distinguish *Allen*, because it predates the 2019 amendment of the Bane Act, Defendants point out the amendment made only one change to the statute—it added a new subdivision (a) that states: "This section shall be known, and may be cited, as the Tom Bane Civil Rights Act." (Civ. Code, § 52.1, subd. (a).) This amendment made no substantive changes (except each following subdivision was re-lettered). In response to Plaintiff's second attempt to distinguish *Allen*, because the underlying arrests were for different violations, Defendants correctly note this is a distinction without a difference.

Defendants distinguish five other cases cited by Plaintiff, which actually support Defendants' position that the Bane Act requires a showing of coercion independent from the coercion inherent in an arrest. (*Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 959 [statute requires independent showing of coercion in addition to wrongful arrest]; *Cornell v. City & County of San Francisco* (2017) 17 Cal.App.5th 766, 793-794 [arrest carried out with threats of violence and unreasonable force provided "something more" than coercion inherent in all arrests]; *Bender v. County of Los Angeles* (2013) 217 Cal.App.4th 968, 978, [where arrest is unlawful *and* excessive force is used, there is coercion within the meaning of the Bane Act]; *Simmons v. Superior Court, supra*, 7 Cal.App.5th at p. 1127 [if additional coercion beyond arrest is required, alleged facts were sufficient additional coercion under Bane Act]; *Lyall v. City of Los Angeles* (9th Cir. 2015) 807 F3d 1178, 1196 [to recover under Bane Act, plaintiff must allege threats or coercion beyond coercion inherent in detention or search].)

13

In addition, Plaintiff cites a California Supreme Court case, *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 843, for the proposition that "a wrongful arrest and detention by police officers is a 'threat, intimidation, or coercion' for purposes of the Bane Act." Defendants correctly state "[n]o such quote is found in *Venegas*." The court cannot find other quotations and cases cited in Plaintiff's opposition memorandum. (The court also notes Plaintiff's memorandum of points and authorities fails to follow the requirements of the California Rules of Court, rule 3.1113, in that it exceeds the page limit and lacks the necessary table of contents and table of authorities.)

The court finds Plaintiff fails to allege the necessary threats or coercion beyond the coercion inherent in Plaintiff's arrest. Therefore, the court sustains Defendants' demurrer to the first cause of action.

### Leave to Amend

It is the opposing party's responsibility to request leave to amend, and to show how the pleading can be amended to cure its defects. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Ordinarily, given the court's liberal policy of amendment, the court will grant leave to amend an original complaint. (See *McDonald v. Superior Court* (1986) 180 Cal.App.3d 297, 303-304 ["Liberality in permitting amendment is the rule" unless complaint "shows on its face that it is incapable of amendment"].) Plaintiff fails to show how he can amend his pleading to cure its defects. Out of an abundance of caution given the court's liberal policy of amendment, the court grants leave to amend, since this is the first complaint considered by the court.

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____ **JS** _____ **on** _____ **3/25/2025** _____.
              (Judge's initials)                      (Date)

14

# EXHIBIT D

PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**<br>NAME: Kevin G. Little      STATE BAR NUMBER:<br>FIRM NAME: THE LAW OFFICE OF KEVIN G. LITTLE<br>STREET ADDRESS: 1225 E. Divisadero St.<br>CITY: Fresno      STATE: CA    ZIP CODE: 93747<br>TELEPHONE NO.: (559) 342-5800    FAX NO.: (559) 242-2400<br>EMAIL ADDRESS: kevin@kevinglittle.com<br>ATTORNEY FOR *(name):* Plaintiff Jason Lawrence Shepard | **FOR COURT USE ONLY**<br><br>E-FILED<br>6/6/2025 5:46 PM<br>Superior Court of California<br>County of Fresno<br>By: Joshua Corley, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: B.F. Sisk Courthouse - Civil Unlimited

PLAINTIFF: Jason Lawrence Shepard

DEFENDANT: Fresno Police Officer Marissa Cisneros; City of Fresno

[x] DOES 1 TO 10

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[x] **AMENDED** *(Number):* 1<br>**Type** *(check all that apply):*<br>[ ] **MOTOR VEHICLE**    [ ] **OTHER** *(specify):*<br>     [ ] **Property Damage**   [ ] **Wrongful Death**<br>     [x] **Personal Injury**    [ ] **Other Damages** *(specify):* | **CASE NUMBER:** |
| **Jurisdiction** *(check all that apply):*<br>[ ] **ACTION IS A LIMITED CIVIL CASE** (does not exceed $35,000)<br>   Amount demanded    [ ] does not exceed $10,000<br>                     [ ] exceeds $10,000<br>[x] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $35,000)<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint<br>     [ ] **from limited to unlimited**<br>     [ ] **from unlimited to limited** | 24CECG04948 |

1. **Plaintiff** *(name or names):* Jason Lawrence Shepard
   alleges causes of action against **defendant** *(name or names):*
   Fresno Police Officer Marissa Cisneros; City of Fresno

2. This pleading, including attachments and exhibits, consists of the following number of pages: 9

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):* City of Fresno
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>*www.courts.ca.gov* |

PLD-PI-001

| SHORT TITLE: Shepard v. The City of Fresno, et al. | CASE NUMBER: 24CECG04948 |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant *(name):* The City of Fresno

(1) ☐ a business organization, form unknown.

(2) ☐ a corporation.

(3) ☐ an unincorporated entity *(describe):*

(4) ☒ a public entity *(describe):* a municipality

(5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*

(1) ☐ a business organization, form unknown.

(2) ☐ a corporation.

(3) ☐ an unincorporated entity *(describe):*

(4) ☐ a public entity *(describe):*

(5) ☐ other *(specify):*

b. ☐ **except** defendant *(name):*

(1) ☐ a business organization, form unknown.

(2) ☐ a corporation.

(3) ☐ an unincorporated entity *(describe):*

(4) ☐ a public entity *(describe):*

(5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*

(1) ☐ a business organization, form unknown.

(2) ☐ a corporation.

(3) ☐ an unincorporated entity *(describe):*

(4) ☐ a public entity *(describe):*

(5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants *(specify Doe numbers):* 1-5    were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants *(specify Doe numbers):* 6-10    are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

a. ☒ at least one defendant now resides in its jurisdictional area.

b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.

d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, **and**

a. ☒ has complied with applicable claims statutes, **or**

b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Shepard v. The City of Fresno, et al. | 24CECG04948 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   a. ☐ Motor Vehicle

   b. ☐ General Negligence

   c. ☒ Intentional Tort   False Arrest

   d. ☐ Products Liability

   e. ☐ Premises Liability

   f. ☒ Other *(specify):*  **Civil Rights Violations**

11. Plaintiff has suffered *(check all that apply)*

   a. ☒ wage loss.

   b. ☐ loss of use of property.

   c. ☐ hospital and medical expenses.

   d. ☒ general damage.

   e. ☐ property damage.

   f. ☐ loss of earning capacity.

   g. ☒ other damage *(specify):*

      Mental and Emotional Distress ; legal fees and expenses

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

   a. ☐ listed in Attachment 12.

   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. (1) ☒ compensatory damages.

      (2) ☒ punitive damages.

   b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

      (1) ☒ according to proof.

      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 06/06/2025

Kevin G. Little
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Shepard v. The City of Fresno, et al. | 24CECG04948 |

Attachment Number __1__

FIRST
_____ CAUSE OF ACTION FOR __Civil Rights Violations__

This cause of action incorporates:   The foregoing well-pleaded allegations, ¶ 1-15.

The defendants named in this cause of action are:  Fresno Police Officer Marissa Cisernos; The City of Fresno; and Does 1 to 10

The factual basis and elements as to each defendant are as follows:
Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

DOES 1-10, while acting under color of law and in their capacities as employees or agents of the City of Fresno, including defendant Marissa Cisneros, arrested and caused the prosecution of Plaintiff without probable cause. Beginning in July 2021, Plaintiff was falsely accused of domestic violence by his then partner, Aime Veronica Pedraza, and their daughter, Celia Frances Pedraza Shepard. There was absolutely no evidence to support these allegations and there were obvious inconsistencies in their statements to law enforcement. Simply stated, there was no probable cause to support an arrest or the recommendation for criminal charges. Moreover, exculpatory information provided by Plaintiff was disregarded and went unreported by the investigating officers.

The arrest of Plaintiff occurred at court when he was in the process of litigating against the alleged victim and after he had already submitted proof refuting her charges. The manner in which this arrest took place was coercive and resulted in Plaintiff being inhibited in his rights to petition for grievances, as guaranteed by the California and U.S. Constitutions.

By August 2023, the charges against Plaintiff were dismissed due to insufficient evidence. The arrest and prosecution without probable cause violates both the federal and California constitutions and is actionable pursuant to California Civil Code § 52.1 and the 1871 Civil Rights Act. The arrest and prosecution without probable cause is undoubtedly sufficient to satisfy the coercion requirement of the Bane Act, and there is no qualified immunity extended to law enforcement officers who violate the Bane Act. This coercion also violated Plaintiff's rights to be free from arrest and prosecution without probable cause, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and article 1, section 13 of the California Constitution.

Because DOES 1-10 were acting under color of state law when they committed their wrongful acts, the City of Fresno is vicariously liable to Plaintiff pursuant to Government Code § 815.2.

As a proximate result of the abovementioned misconduct, Plaintiff suffered the injury and damages as alleged hereinabove, and is entitled to an award of attorney's fees and legal expenses.

 The relief sought in this cause of action is as follows:

Based on the foregoing, the plaintiff seeks compensation in an amount to be determined at trial and also seek any other relief in law or equity to which they may be entitled.

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Shepard v. The City of Fresno, et al. | 24CECG04948 |

Attachment Number 2²__

_____ CAUSE OF ACTION FOR _____
SECOND                                           FALSE ARREST

This cause of action incorporates:   The foregoing well-pleaded allegations, ¶ 1-15.

The defendants named in this cause of action are:  Fresno Police Officer Marissa Cisernos; The City of Fresno; and Does 1 to 10

The factual basis and elements as to each defendant are as follows:

**Beginning in July 2021, Jason Lawrence Shepard was falsely accused of domestic violence by his then partner, Aime Veronica Pedraza, and their daughter, Celia Frances Pedraza Shepard. There was absolutely no evidence to support these allegations and there were obvious inconsistencies in their statements to law enforcement. Simply stated, there was no probable cause to support an arrest, or the recommendation for criminal charges. Moreover, exculpatory information provided by Mr. Shepard was disregarded and went unreported.**

**Mr. Shepard was arrested without the use of force or coercion, but significantly, the arrest occurred at court while he was in the process of litigating against the alleged victim and after he had already submitted proof refuting her charges. Despite having provided evidence that contradicted the allegations against him, Mr. Shepard was nevertheless arrested and charged with criminal offenses.**

**By August 2023, the charges against Jason were dismissed due to insufficient evidence. The case underscored the failure to respect Jason's rights and the importance of conducting fair and thorough investigations in domestic violence situations.**

**Mr. Shepard had his constitutional rights to be arrested and prosecuted only based on probable cause denied. These constitutional violations are actionable under the California Constitution and also California common law prohibiting false arrests.**

**The City of Fresno employed the investigating officers who recommended the filing of criminal charges, including defendant Marissa Cisneros, and it is therefore vicariously liable under Government Code § 815.2.T**

The relief sought in this cause of action is as follows:

Based on the foregoing, the plaintiff seeks compensation in an amount to be determined at trial and also seek any other relief in law or equity to which they may be entitled.

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jason Lawrence Shepard | 24CECG04948 |

## Exemplary Damages Attachment

Page ___6___

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name):*

Fresno Police Officer Marissa Cisernos; Does 1 to 10

Plaintiff alleges defendant was guilty of

☑ malice

☐ fraud

☑ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Beginning in July 2021, Jason Lawrence Shepard was falsely accused of domestic violence by his then partner, Aime Veronica Pedraza, and their daughter, Celia Frances Pedraza Shepard. There was absolutely no evidence to support these allegations and there were obvious inconsistencies in their statements to law enforcement. Simply stated, there was no probable cause to support an arrest, or the recommendation for criminal charges. Moreover, exculpatory information provided by Mr. Shepard was disregarded and went unreported.

Mr. Shepard was arrested and charged with criminal offenses. By August 2023, the charges against Jason were dismissed, due to insufficient evidence. The case underscored the failure to respect Jason's rights and the importance of conducting fair and thorough investigations in domestic violence situations.

The investigating officers who arrested Mr. Shepard without probable cause and recommended the filing of baseless criminal charges, include defendant Marissa Cisneros.

EX-3. The amount of exemplary damages sought is

a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.

b. ☐ $

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(6) [Rev. January 1, 2007] | **Exemplary Damages Attachment** | Code of Civil Procedure, § 425.12<br>*www.courtinfo.ca.gov* |
|---|---|---|

**PROOF OF SERVICE**

My business address is 1225 E. Divisadero Street, Fresno, CA 93721. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as FIRST AMENDED COMPLAINT

to all interested parties in this action as indicated in the attached service list and in the manner as described below:

☐ (BY MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business at Fresno, California.

☐ (BY PERSONAL SERVICE) I caused delivery of such envelope(s) by hand, to the office(s) of the address(es) on the proceeding page.

☒ BY ELECTRONIC MAIL) I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail address(es) of the address(es) designated on the proceeding page.

☐ (BY FACSIMILE) I caused the above-referenced document to be delivered by facsimile to the facsimile number(s) of the address(es) on the proceeding page.

☐ (BY OVERNIGHT COURIER) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the address(es) on the proceeding page.

**EXECUTED ON June 6, 2025 at Fresno, California.**

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (FEDERAL) I declare that I am employed in this office of a member of the bar of this court at whose direction this service was made.

TYLER DURNELL

KGL

PROOF OF SERVICE

**PROOF OF SERVICE – SERVICE LIST**

Mildred K. O'Linn
Manning & Kass Ellrod, Ramirez, Trester LLP (Los Angeles)
801 S. Figueroa St, 15th floor
Los Angeles, CA 90017
Telephone: 213-624-6900
Fax: (213) 624-6999
Email: missy.olinn@manningkass.com, lynn.carpenter@manningkass.com, nichole.santiago@manningkass.com, christopher.kinney@manningkass.com, angela.thompson@manningkass.com, delia.flores@manningkass.com
Attorney for Defendants FRESNO POLICE OFFICER MARISSA CISNEROS; CITY OF FRESNO;

KGL

PROOF OF SERVICE                                                                            2

# EXHIBIT E

[Exempt From Filing Fee
Government Code § 6103]

Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
  *lynn.carpenter@manningkass.com*
Nichole Santiago (State Bar No. 291632)
  *nichole.santiago@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FRESNO,
FRESNO POLICE OFFICER MARISSA
CISNEROS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF FRESNO**

| | |
|---|---|
| JASON LAWRENCE SHEPARD<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO; FRESNO POLICE OFFICER MARISSA CISNEROS and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 25CECG04948<br>Judge:    Honorable Jonathan M. Skiles<br>Dept.:    503<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:    01/24/24<br>FAC Filed:    06/06/25<br>Trial Date:    Not set |

Defendants CITY OF FRESNO; FRESNO POLICE OFFICER MARISSA CISNEROS ("defendants") hereby answer the First Amended Complaint on file herein (filed on June 6, 2025) (hereinafter referred to as the "FAC") of Plaintiff JASON LAWRENCE SHEPARD ("plaintiff") and defendants admit, deny, and allege as follows:

1.    Pursuant to Sections 431.10 *et seq.*, of the California Code of Civil Procedure, defendants deny generally and specifically each and every allegation in the FAC and deny liability as to each and every cause of action alleged therein. Defendants further deny that plaintiff has been damaged as described in the FAC, or any other sum, or at all, by any named defendants' actions or

---

**DEFENDANT THE CITY OF FRESNO'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

omissions.

2. Further answering plaintiff's FAC on file herein, and the whole thereof, the answering defendants deny that plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of the answering defendants for which defendants may be liable. To the extent plaintiff asserts any other claims or contentions not specifically addressed herein above, defendants specifically deny each and every remaining allegation and/or claim.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. As a separate and first affirmative defense to the FAC, and to the purported causes of action set forth therein, defendants allege that the FAC fails to state facts sufficient to constitute a cause of action.

2. Plaintiff's FAC also fails to state a claim against any defendant in this action.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3. As a separate and second affirmative defense to the FAC and each purported cause of action contained therein, defendants allege that the purported causes of action asserted in the FAC are time barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure section 335.1.

## THIRD AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

4. As a separate and third affirmative defense to the FAC and each purported cause of action contained therein, defendants allege that this action is barred by plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code section 900, *et seq.*, including but not limited to Sections 900, 900.4, 901, 905, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

2

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

5.      The FAC is barred based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.

6.      Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statues, including, but not limited to California Government Code sections 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

7.      Plaintiff's recovery is barred because the causes of actions stated in the FAC do not correspond with the legal claims asserted in plaintiff's written claim for damages. The FAC thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands, Waiver and Estoppel)

8.      As a separate and fourth affirmative defense to the FAC and each purported cause of action contained therein, defendants allege that as a result of his own acts and/or omissions, plaintiff has waived any right which he may have had to recover, and/or is estopped from recovering, any relief sought against defendants. Defendants allege that plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the FAC by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Fault)

9.      As a separate and fifth affirmative defense to the FAC and each purported cause of action contained therein, defendants allege that plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the FAC by the plaintiff, and plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on plaintiff's behalf, and to the extent plaintiff suffered any injury or damages, it was the result of plaintiff's own negligent or deliberate actions or omissions.

10.      Plaintiff's recovery is barred because any injury or damage suffered by plaintiff was caused solely by reason of the plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties. The conduct set forth in the FAC, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendants on account of such conduct.

3

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

11. By reason thereof, plaintiff is not entitled to damages or any other relief whatsoever as against defendants.

### SIXTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

12. As a separate and sixth affirmative defense to the FAC and each purported cause of action contained therein, defendants allege that plaintiff's claims are barred or limited to the extent plaintiff failed to mitigate plaintiff's injuries or damages, if there were any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### SEVENTH AFFIRMATIVE DEFENSE

**(Public Entity/Employee Immunity for Others' Torts)**

13. As a separate and seventh affirmative defense to the FAC and each purported cause of action contained therein, defendants allege that defendants are immune from liability on all causes of action and by the act or omission of another person pursuant to California Government Code sections 815, *et seq.,* and 820.2, *et seq*.

14. The answering defendants are informed and believes and thereon allege that if plaintiff sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct of other persons other than the answering defendants. To the extent that plaintiff's damages were so caused, any recovery by plaintiff as against the answering defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

### EIGHTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

15. As a separate and eighth affirmative defense to the FAC and each purported cause of action contained therein, defendant alleges that plaintiff, and/or the persons and/or entities acting on plaintiff's behalf, assumed the risk of all conduct of plaintiff.

4

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

16.     At the time and place referred to in the FAC, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing themselves in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering lawful deprivation of right(s).

## NINTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Discretionary Acts)

17.     As a separate and ninth affirmative defense to the FAC and each purported cause of action contained therein, defendants allege that there is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  (Gov. Code §§ 815.2, 820.2, 820.4, 820.8, 820, *et seq.*)

18.     Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

19.     A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation, or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code sections 818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, the answering defendants are immune from liability for any injuries claimed by plaintiff, herein.

20.     Defendants are immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiff complains pursuant to Government Code sections 810, *et seq.*, 815, *et seq.*, 820, *et seq.*, and 845, *et seq.*, including, but not limited to, sections 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code sections 854, *et seq.*, including, but not limited to, Sections 845.6, 854.6, 854.8(a)(2), and Sections 855.4, 855.6, 855.8 and 856.4.

//

5

**TENTH AFFIRMATIVE DEFENSE**

**(Public Entity Immunity)**

21.    Defendants may not be held liable on a respondeat superior theory for any negligent or wrongful act or omission on the part of any subordinate.  (Cal. Gov. Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (1991 9th Cir.) 946 F.2d 630, 645-646; cf. *City of Canton v. Harris* (1989), 489 U.S. 378, 388-389; *City of Los Angeles v. Heller* (1986), 475 U.S. 796.)

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity/Good Faith Immunity)**

22.    Defendant City and its agents and officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendant, and its agents and officers, therefore assert Qualified Immunity from liability to the fullest extent applicable.

23.    Defendant City's agents and officers  are immune from liability under the Federal Civil Rights Act because a reasonable agent and police officer could believe that their acts and conduct were objectively reasonable under the totality of the circumstances.  Defendant's agents and officers are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights of which a reasonable officer or agent would have known. Defendant's agents and officers are immune from suit under the doctrine of Qualified Immunity.

24.    At all relevant times, defendant and defendant's agents and officers acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws.  (*Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.)

**RESERVATION OF AFFIRMATIVE DEFENSES**

25.    Because the FAC is couched in vague and conclusory terms, defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, defendants

6

hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiff's claims, or elements thereof.

## PRAYER FOR RELIEF

WHEREFORE, defendant prays for relief as follows:

1.    That the FAC be dismissed, with prejudice and in its entirety;

2.    That plaintiff takes nothing by reason of this FAC and that judgment be entered against plaintiff and in favor of defendants;

3.    That defendants be awarded attorneys' fees and costs of suit incurred in defending this action according to proof;

4.    That defendants be granted such other and further relief as the Court may deem just and proper.

DATED:  July 3, 2025

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By:

Mildred O'Linn
Lynn Carpenter
Nichole Santiago
Attorneys for Defendants, CITY OF FRESNO, FRESNO POLICE OFFICER MARISSA CISNEROS

7

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

**DEMAND FOR JURY TRIAL**

Defendants, CITY OF FRESNO and MARISSA CISNEROS, hereby demand trial of this matter by jury.

DATED:  July 3, 2025

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By:

Mildred O'Linn, Esq.
Lynn L. Carpenter, Esq.
Nichole Santiago, Esq.
Attorneys for Defendant, CITY OF FRESNO,
MARISSA CISNEROS

8

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On July 7, 2025, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

| | |
|---|---|
| Kevin G. Little, Esq.<br>LAW OFFICES OF KEVIN G. LITTLE<br>1225 E. Divisadero St.<br>Fresno, CA 93747<br>Tel.: (559) 342-5800<br>Fax: (559) 242-2400<br>Email: kevin@kevinglittle.com;<br>michelle@kevinglittle.com<br>tyler.durnell@kevinglittle.com;<br>kathleen.khamvongsa@kevinglittle.com | Attorney for Plaintiff, Jason Lawrence Shepard |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address steve.chang@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 7, 2025, at Los Angeles, California.

_____
Steve Chang