# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LAWRENCE SHEPARD,<br><br>     Plaintiff,<br><br>     v.<br><br>THE CITY OF FRESNO, et al.,<br><br>     Defendants. | Case No. 1:25-cv-00822-JLT-SAB<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION FOR ALTERNATIVE SERVICE ON DEFENDANT CELIA FRANCES PEDRAZA SHEPARD<br><br>(ECF No. 24) |

Before the Court is Plaintiff's application for alternative service of process under Federal Rule of Civil Procedure 4(e). In the application, Plaintiff argues that because diligent efforts to serve Defendant Celia Frances Pedraza Shepard ("Defendant Shepard") have failed, service by posting, by serving Defendant's mother, by mailing, and by email should be permitted. Having reviewed the application and the entire record in this case, the motion will be granted.

**I.**

**BACKGROUND**

This is a Section 1983 case involving an alleged plan by Defendant Aime Veronica Perez Pedraza ("Pedraza") and Defendant Shepard to have Plaintiff falsely arrested, removed from his home, and prosecuted for domestic violence. (ECF No. 11, ¶ 11.) Based on his allegations, Plaintiff brings suit against Defendants the City of Fresno, Officer Marissa Cisneros, Officer Maria Flores, Defendant Pedraza, and Defendant Shepard for a claim of false arrest brought through 42 U.S.C. § 1983, as well as a claim of false arrest under California law. (Id. at ¶¶ 26-

37.)

On November 25, 2025, Plaintiff filed an application for alternative service and included a declaration from Plaintiff's counsel and supporting exhibits. (ECF No. 24.) In the declaration, Plaintiff describes that counsel for Plaintiff made three attempts to effectuate service at 1835 E. Brandon Lane, Fresno, California 93720, at the end of September 2025. (Id. at p. 3.) Thereafter, Plaintiff contracted with a process server, Aindra Evans, to serve Defendant Shepard at that same address, "after confirming through a public records research database, Truthfinder, that the stated address corresponded to [Defendant Shepard]." (Id.) Moreover, this address was confirmed by California's Department of Consumer Affairs ("DCA") because Defendant Shepard used the Brandon Lane address when renewing her pharmacy technician license. (Id.) In support of these efforts, Plaintiff has included exhibits from public records, Truthfinder, and the DCA. (Id. at Exhs. A, C.) These records support that Defendant's address is 1835 E. Brandon Lane, Fresno, California 93720.

Process server Evans then attempted to effectuate service on the Brandon Lane address at various time and dates in the month of October 2025. (Id. at Exh. B.) It appears that Evans also tried to effectuate service at the workplace of Defendant's mother and one other address associated with Defendant. (Id.) In total, Evans attempted service on Defendant ten times, and Plaintiff himself three times. Regarding the Brandon Lane address, Plaintiff notes that "[a]lthough no movement inside the residence has been detected, and nobody has been answering the door in response to the repeated knocking, the Ring Camera outside the residence seemed to still be active." (Id. at p. 3.)

Based on the foregoing, Plaintiff requests an order allowing him to serve Defendant Shepard by posting at Defendant's address, serving at the place of employment of Defendant's mother, mailing Defendant at her address, and emailing Defendant at her confirmed email address.

The Court reviewed the motion and questioned, *inter alia*, how Plaintiff had "confirmed" the email address of Defendant Shepard. (ECF No. 26.) The Court directed Plaintiff to file a response or declaration outlining how he was able to confirm the email address. (Id.) Plaintiff

timely complied (ECF No. 27), and the Court now addresses the motion.

## II.

## DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon individuals within a judicial district of the United States:

> Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Fed. R. Civ. P. 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." Electrical Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 314 (9th Cir. 1992), citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Pursuant to Fed. R. Civ. P. 4(e)(1), the Court looks to the law of California, the state in which this Court sits, to determine the sufficiency of the proposed service. Regarding posting, it appears that California permits posting for service in unlawful detainer actions. See Cal. Civ. P. § 415.45. That said, there is an alternative method to personal service at the address of the person to be served:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. P. § 415.20. This method requires a plaintiff also serve the complaint via first-class mail, and therefore, Plaintiff's request to serve via mail collapses into this provision as well.

For Plaintiff's request for personal delivery on Defendant's mother at her place of employment, a hair salon, Plaintiff has not provided the Court with any legal authority for this method of service by itself. Though this is not a traditional service method, Plaintiff proffers that it should be approved because Defendant Shepard's mother is a co-defendant in this action, and it is part of a comprehensive service plan.

While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30. "To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1017 (9th Cir. 2002) (concluding that the district court did not abuse its discretion in allowing service by regular mail and e-mail after initial attempts at service failed).

Here, Plaintiff has made reasonable and diligent attempts to inform Defendant Shepard of this action, including attempting to serve Defendant with the resources of the office of Plaintiff's

1 counsel, as well as Plaintiff contracting with a process server.  Moreover, it appears that service
2 was attempted on verified physical addresses associated with Defendant Shepard.  (ECF No. 24,
3 Exhs. A-C.)   Regarding Defendant's email address, Plaintiff observes that the address,
4 shepardcelia@gmail.com, is a formulation of Defendant's name and that Defendant Shepard
5 recently updated a profile picture associated with the email that confirms the email address is
6 associated with her.  (ECF No. 26, p. 4.)

7 Although Defendant Shepard has a well-documented history of verifiable contact
8 information, Plaintiff has been unable to effect service on Defendant on several different
9 occasions.  When there is evidence that a defendant is evading service, courts are more willing to
10 allow alternative methods of service.  See Miller v. Superior Court In & For Los Angeles Cnty.,
11 195 Cal. App. 2d 779, 786 ("A person who deliberately conceals himself to evade service of
12 process is scarcely in a position to complain over much of unfairness in substitutive methods of
13 notification enacted by the Legislature to cope with such situations"); Steve McCurry Studios,
14 LLC v. Web2Web Mktg., Inc., No. C 13-80246 WHA, 2014 WL 1877547, at *1 (N.D. Cal. May
15 9, 2014) (allowing service of defendant by email, where defendant demonstrated a pattern of
16 evading service: despite process server's eight attempts to serve defendant at his last-known
17 address, plaintiff counsel's email to defendant asking to set up a meeting, and defendant's
18 informal agreements to meet with plaintiff's counsel, defendant never showed up and stopped
19 responding to emails); Miller v. Ceres Unified School Dist., No. 1:15-cv-0029-BAM, 2016 WL
20 4702754, at *3-*4 (E.D. Cal. Sept. 7, 2016).

21 In light of the forgoing, the Court finds that Plaintiff has adequately demonstrated that he
22 has taken several reasonable steps to effect service upon Defendant Celia Frances Pedraza
23 Shepard.  Despite reasonable diligence, process cannot be served on Defendant Shepard at her
24 addresses of record.  Similarly, the Court is satisfied with Plaintiff's explanation that the email
25 address he proposes to use for service will reasonably give the party adequate notice.  Thus,
26 under the circumstances, the Court finds it appropriate to permit alternative service and will
27 grant Plaintiff's motion for leave to serve Defendant Celia Frances Pedraza Shepard via the
28 email address proffered: shepardcelia@gmail.com.  Rio Props., Inc., 284 F.3d at 1017.

Moreover, the Court also agrees with Plaintiff insofar as that the proffered service plan—posting, mailing, email, and delivery to Defendant's mother—is, in combination with email, reasonably calculated to provide notice to Defendant Shepard. Therefore, the Court will also grant Plaintiff's motion as to service on Defendant Shepard by posting, mailing, and delivery to Defendant's mother.

## III.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for alternative means of service of process is GRANTED (ECF No. 24);

2. Plaintiff shall have **14 days** from the date of this order in which to effect service on Defendant Celia Frances Pedraza Shepard via email, posting, mailing, and delivery to Defendant Shepard's mother;

3. On or before **January 5, 2026**, Plaintiff SHALL also file a status report indicating the status service and/or communication with Defendant Celia Frances Pedraza Shepard.

IT IS SO ORDERED.

Dated: __December 12, 2025__

STANLEY A. BOONE
United States Magistrate Judge