**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON LAWRENCE SHEPARD,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE OFFICER MARISSA CISNEROS, et al.,<br><br>Defendants. | Case No. 1:25-cv-00822 JLT SAB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION BY THE DISTRICT JUDGE<br><br>(Docs. 50, 55) |

Defendants Aime Veronica Perez Pedraza and Celia Frances Pedraza Shepard move for reconsideration by this Court of a non-dispositive order by the assigned magistrate judge. (Docs. 50, 55.) Shepard opposes the motion. (Doc. 51.) The motion is **DENIED**, as explained below.

Mr. Shepard originally filed this case in state court against officers of the Fresno Police Department and the City of Fresno, and it was removed to this court a little more than a year ago. (*See* Doc. 1 at 8, 32.) At about this same time, Mr. Shepard says that he was “looking for counsel” in connection with a “dispute” with Ms. Perez Pedraza (who is, in his words, his “ex-significant other”) and Ms. Pedraza Shepard (their daughter). (*See* Docs. 11 at 3; 40 at 9.) This dispute “involved claims that Perez Pedraza and Pedraza Shepard had made false allegations against [him], that those false allegations caused [him] to be arrested and prosecuted, and that as a result they obtained possession, control and ultimately ownership of [his] property.” (Doc. 40 at

9.) Mr. Shepard claims he had a short phone consultation with Brian K. Cuttone, an attorney at Cuttone & Associates, and "disclosed confidential information" about his dispute. (*Id.* at 9–10.) Mr. Shepard did not retain Mr. Cuttone or his firm. He did, however, amend his complaint in this case to include the civil rights and tort claims he now asserts against Ms. Perez Pedraza and Ms. Pedraza Shepard. (*See* Docs. 10, 11.) His claims are similar to those he describes in his account of the call with Mr. Cuttone. (*See* Doc. 11 at 3–6.)

Ms. Perez Pedraza and Ms. Pedraza Shepard originally appeared pro se. (*See* Docs. 20, 31.) But on the advice of a friend, they later retained Mr. Cuttone and his firm, who appeared on their behalf in March of this year. (*See* Docs. 38, 39, 56-1.) The next month, Mr. Shepard moved to disqualify Mr. Cuttone and his firm based on his claim that he had consulted with Mr. Cuttone a few months before. (Doc. 40.) He offered phone records that could potentially corroborate his claims. (*See id.* at 13–14.) Ms. Perez Pedraza and Ms. Pedraza Shepard oppose the motion. (Doc. 45.) They have offered evidence that, if believed, could prove that Mr. Cuttone never spoke with Mr. Shepard and never received any relevant confidential information from him.

The matter was referred to the assigned magistrate judge, who heard the parties' arguments at a hearing a few weeks ago. (*See* Docs. 48, 43.) After that hearing, the magistrate judge decided that "an evidentiary hearing will aid the Court in its determination." (Doc. 49 at 1.) The magistrate judge instructed counsel for Mr. Shepard, Ms. Perez Pedraza, and Ms. Pedraza to "be prepared to testify," and he "advised" them that "they should have additional counsel present for their examination." (*Id.*) The magistrate judge also instructed Mr. Shepard to "be prepared to testify," and he instructed the parties to bring "originals of any exhibits relied upon in the motion and briefing to the hearing, as well as originals, where possible, for any other exhibits that will be relied upon at the hearing." (*Id.* (emphasis omitted).) The evidentiary hearing is set for July 28, 2026. (*Id.*)

Ms. Perez Pedraza and Ms. Pedraza Shepard move to stay the hearing and for reconsideration of the magistrate judge's order by the district judge. (Docs. 50, 55.) They argue Mr. Shepard has not satisfied his "burden of proof" and has raised no dispute of material fact that might justify an evidentiary hearing. (*See* Doc. 50 at 10.) As they see it, there is no "significant

real estate component" in the case, so any information Mr. Shepard might have provided to Mr. Cuttone would not be material in any event. (*See id.*) In reality, they contend, the motion to disqualify is a ploy to drive up their costs and to deprive them of the counsel they have retained. (*See, e.g.*, *id.* at 14–15.) Mr. Shepard opposes the motion. (Doc. 51.) The other defendants take no position on either the disqualification or the request for reconsideration. (*See* Docs. 42, 54.)

A litigant may ask a district judge to review a magistrate judge's orders on non-dispositive matters, such as an order setting an evidentiary hearing, by requesting reconsideration. *See* Fed. R. Civ. P. 72(a); L.R. 303(c). The district judge must then decide whether the magistrate judge's order was "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); L.R. 303(f). The "clearly erroneous" part of this standard applies to factual findings and discretionary decisions. *See Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021). A decision is "clearly erroneous" only if the district court has "a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l B'hd of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). The "contrary to law" standard applies to legal decisions. *See Perez*, 519 F. Supp. 3d at 722. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110 (E.D. Cal. 2011).

The magistrate judge has not decided whether Mr. Cuttone or his firm face any conflicts of interest, nor whether they should be disqualified under this Court's rules or the California Rules of Professional Conduct. The motion to disqualify is pending. The only relevant decisions that the magistrate judge has made have been procedural: to hold an evidentiary hearing and to impose a few specific requirements on the parties at that hearing. These are discretionary decisions, *see, e.g.*, *Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir. 2006), so reconsideration would appropriate only if the magistrate judge's decision was "clearly erroneous," *Perez*, 519 F. Supp. 3d at 722.

An evidentiary hearing is within a district court's discretion if the pleadings, affidavits, or other evidence "reveal an issue of material fact." *Kashin*, 457 F. 3d at 1043 (citation omitted). The record before the magistrate judge revealed just such a dispute. On the one hand, Mr. Shepard has offered evidence that could show he spoke with Mr. Cuttone about his dispute with

Ms. Perez Pedraza and Ms. Pedraza Shepard last year. Mr. Shepard claims that he revealed confidential information about his claims against them during the call. If this evidence is believed, it could potentially support Mr. Shepard's claim that Mr. Cuttone and his firm face a disqualifying conflict of interest. *See, e.g.*, *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 105 F. Supp. 3d 1100, 1107–09 (E.D. Cal. 2015) (summarizing relevant rules). On the other hand, Ms. Perez Pedraza and Ms. Pedraza Shepard have offered evidence that could show Mr. Shepard did not speak with Mr. Cuttone and did not disclose any confidential information. If this evidence is believed, it might refute Mr. Shepard's assertions and show there is no disqualifying conflict. It was not clearly erroneous for the magistrate judge to schedule an evidentiary hearing in these circumstances. Even assuming, as the defendants contend, that it would be reasonable and more efficient to make a decision on the papers alone, this Court will not "substitute its judgment" for that of the magistrate judge. *Perez*, 519 F. Sup. 3d at 722 (quoting *Grimes v. City of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)).

The Court understands Ms. Perez Pedraza's and Ms. Pedraza Shepard's concern that Mr. Shepard is attempting to drive up their costs in bad faith. (*See, e.g.*, Doc. 56-1 at 2–3.) But different statutes and rules govern the reasonableness, purposes, and effects of an opposing party's arguments and motions. *See, e.g.*, 28 U.S.C. § 1927; Fed. R. Civ. P. 11(b)(1); *Hodgson v. Roper*, No. 20-00650, 2022 WL 297089, at *11–12 (E.D. Cal. Feb. 1, 2022) (summarizing relevant rules).

For these reasons, the motion to reconsider (Docs. 50, 55) is **DENIED**, and the related motion to stay is **DENIED AS MOOT**. The hearing on those motions is **VACATED**. The evidentiary hearing remains on calendar, as set by the assigned magistrate judge.

IT IS SO ORDERED.

Dated: July 24, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE