# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LAWRENCE SHEPARD,<br>Plaintiff,<br>v.<br>THE CITY OF FRESNO, et al.,<br>Defendants. | Case No. 1:25-cv-00822-JLT-SAB<br><br>ORDER DIRECTING RELEVANT DEFENDANTS TO FILE MOTION TO WITHDRAW<br><br>(ECF No. 56) |

**I.**

**RELEVANT BACKGROUND**

On April 17, 2026, Plaintiff Jasson Lawrence Shepard filed a motion to disqualify, seeking disqualification of attorney Brian K. Cuttone, attorney for Defendants Aime Veronica Perez Pedraza and Celia Frances Pedraza Shepard ("Defendants").[1] (ECF No. 40.) Following briefing and argument at a hearing on the matter, the Court determined that there was a disputed fact as to what "confidential information" Plaintiff had disclosed to attorney Cuttone and/or someone at Cuttone & Associates, and therefore, the Court found that an evidentiary hearing would aid the Court in its determination. On May 28, 2026, the Court ordered that an evidentiary hearing take place on July 28, 2026, with witness and exhibit lists due one week

[1] Defendant the City of Fresno, Marissa Cisneros, and Maria Flores are not directly implicated by this issue and have filed statements of non-opposition. (ECF No. 42, 54.)

prior. (ECF No. 49.)

On June 11, 2026, Defendants filed a "request" on the docket, which upon review, was a request for reconsideration of a non-dispositive order by the assigned District Judge of this Court's May 28, 2026 order setting an evidentiary hearing, as well as seeking a stay of the hearing. (ECF No. 55); see L.R. 303(c). Later that same date, Plaintiff filed an opposition to the request for reconsideration. (ECF No. 51.) As part of that opposition, Plaintiff observed that Defendants' request was procedurally improper because Defendants had not provided a transcript of the Court's May 27, 2026 hearing on the motion to disqualify. (ECF No. 51, citing ECF No. 48.) Furthermore, Plaintiff noted that Defendants' request failed to comply with Local Rule 230(j), which governs the contents of applications for reconsideration. (Id.) Thereafter, Plaintiff argued that the Court's decision to hold an evidentiary hearing was neither clearly erroneous or contrary to law. (Id.)

On June 17, 2026, Defendants requested the transcript of the May 27, 2026 hearing. (ECF No. 52.) On July 20, 2026, Defendants filed a "motion for reconsideration," which included only a notice of motion and incorporated their previous filings on the matter. (ECF No. 55.)

On July 22, 2026, Defendants filed a set of declarations, one from attorney Cuttone and two from Defendants themselves. (ECF No. 56.) In attorney Cuttone's declaration, he outlines that he counseled his clients regarding the expense of going forward with the evidentiary hearing and that these Defendants had initially proceeded *pro se* in this federal matter following the financial hardship of an underlying state court proceeding. (ECF No. 56, ¶ 4.) Following advice from a friend, Defendants were referred to attorney Cuttone, who began representation on March 26, 2026. (Id. at ¶ 5.) According to all declarants, Defendants are now "forced to comply with the Order to keep the attorney of their choosing or again proceed *pro per*." (Id. at ¶ 6; see ECF No. 56-1, ¶ 8; 56-2, ¶ 8.) Attorney Cuttone then noted what his estimated costs would be and that these costs would be a substantial hardship for Defendants, which Defendants also declare as such. (Id. at ¶¶ 7-8; see ECF No. 56-1, ¶¶ 9-10; 56-2, ¶¶ 9-10.) Attorney Cuttone and Defendants declare that Defendants "are prepared to again represent themselves . . ." (Id. at ¶ 8;

see ECF No. 56-1, ¶ 10; 56-2, ¶ 10.)

Attorney Cuttone then declares that "[t]he Defendants have instructed me to respectfully request that the court vacate the evidentiary hearing and issue its final order on the Motion. In the alternative, the Defendants request the Court to inform whether it prefers Cuttone & Associates to prepare and file a motion to withdraw as counsel for the Defendants, pursuant to the Local Rules of The United States District Court, Eastern District of California ("Local Rules"), Rule 182(d)." (Id. at ¶ 9.)

On July 24, 2026, the District Judge denied the request for reconsideration and thus denied the request to stay as moot. (ECF No. 57.)

## II.

## LEGAL STANDARD

The Local Rules "govern all actions in the United States District Court for the Eastern District of California . . . ." L.R. 102(a). As attorney Cuttone has observed in his declaration, attorney appearances and withdrawal are covered by Local Rule 182. Regarding withdrawal,

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d).

## III.

## ANALYSIS AND DISCUSSION

Upon review of the declarations, the Court finds that the filing has not procedurally complied with Local Rule 182(d), which requires filing of a properly noticed motion (see L.R. 230), and an affidavit. Furthermore, the Court finds it procedurally improper to seek relief through the use of declaration filed on the docket. Indeed, the Court does not know of any such

procedure that would allow it to give Defendants the relief they seek without Defendants moving for such.

The Court notes that, as outlined above, Defendants have had many issues complying with procedural requirements of the Court. The Local Rules are *requirements*, not suggestions to counsel. Indeed, Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Therefore, the Court admonishes Defendants that going forward in this matter, they should be cognizant of the Local Rules both procedurally and substantively.

**IV.**

**CONCLUSION AND ORDER**

In light of the foregoing, the Court DIRECTS Defendants to file a motion to withdraw that complies with the Local Rules. In that motion, Defendants may also move to stay the evidentiary hearing pending the outcome on the motion to withdraw. At this time, the July 28, 2026 evidentiary hearing remains on calendar and will go forward should Defendants fail to file for relief on the docket. Should Defendants fail to appear, the Court will consider imposing appropriate sanctions.

IT IS SO ORDERED.

Dated: **July 24, 2026**

STANLEY A. BOONE
United States Magistrate Judge